IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MOHAMMAD HANIF d/b/a SUNNY'S &sect;
FOOD STORE, &sect;
&sect;
Plaintiff, &sect;
&sect;
VS. &sect; CIVIL ACTION NO. H-15-2718
&sect;
UNITED STATES OF AMERICA, &sect;
&sect;
Defendant. &sect;

<u>OPINION AND ORDER OF DISMISSAL</u>

Pending before the Court in the above referenced cause, seeking judicial review of an administrative decision under 7 U.S.C. § 2013, is a motion for summary judgment (instrument #11), filed by the United States on behalf of the Secretary, United States Department of Agriculture ("USDA"), Food and Nutrition Service ("FNS"), by and through the United States Attorney for the Southern District of Texas, seeking affirmation of the USDA, FNS' final decision against Plaintiff Mohammad Hanif d/b/a Sunny's Food Store ("Plaintiff"), which permanently disqualified Plaintiff from participating as an authorized retailer in the Supplemental Nutrition Assistant Program ("SNAP") and denied him a civil money penalty in lieu of disqualification. Although represented by counsel, Plaintiff has failed to file a response to the motion.

**Statutory Background**

In 1963 Congress passed the Food Stamp Act of 1964, Pub. L. No. 88-525, § 2, 78 Stat. 703, 703, codified at 7 U.S.C. §§ 2011-2036, to "permit those households with low incomes to receive a

greater share of the Nation's food abundance" and "to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible household who apply for participation." § 2011.  Under it, "[r]etail stores authorized to participate in the program may accept food stamp benefits instead of cash for designated food items," and then the stores would "redeem these benefits with the government for face value." *Affum v. U.S.*, 566 F.3d 1150, 1153 (D.C. Cir. 2009), *citing* 7 U.S.C. § 2013(a).  Congress amended the statute in 2008, renaming it the Food and Nutrition Act and changing the name of the "food stamp program" to the Supplemental Food and Nutrition ("SNAP").  It is a federal benefits program that allows qualified households, or "beneficiaries," to buy only food at approved participating stores, called "firms." § 213(a).  Instead of paper stamps, SNAP benefits are provided by FNS to eligible households through electronic benefit transfer ("EBT") cards, plastic cards that are swiped like credit cards at the cash register.  7 U.S.C. §§ 2012 and 2016(a).  These EBT cards may be used "only to purchase food in retail stores that have been approved for participation" in SNAP, § 2016(b), "may be accepted . . . only in exchange for eligible food," 7 C.F.R. § 278.2(a), and generally "may not be accepted in exchange for cash," 7 C.F.R. § 278(a).

The Food and Nutrition Act of 2008 allows the FNS to disqualify any approved retail food store and/or assess a civil penalty of up to $100,000 for each violation of the statute  or of

the regulations promulgated under it. 7 U.S.C. § 2021(a).  The
appropriate regional FNS office must send the noncomplying store a
letter of charges indicating the particular violations or actions
that the FNS believes are violations of the Act and give the store
ten days to respond with evidence, information or explanation.  7
C.F.R. § 278.6.[1]  The FNS then reviews the letter of charges, the
response, and any other information.  7 C.F.R. § 278.6(c).

The agency's determination is final unless the aggrieved party
files a written request for further review under an arbitrary and
capricious standard under 7 C.F.R. § 278.6(n).  If the agency's
decision to disqualify a store is based on trafficking in SNAP
benefits, that disqualification is effective immediately upon
receipt of the notice of disqualification and no stay will be
granted.  7 C.F.R. § 278.6(b)(2)(I).

### Standard of Review

Once a final decision of permanent disqualification from SNAP
has been issued by the USDA, an aggrieved party can file a
complaint against the United States seeking judicial review under
7 U.S.C. § 2023(a)(13) in the United States District Court in the
district where the food retailer resides, or is engaged in
business, or in any state court of record having competent

---

[1] A firm, after receiving the letter from the FNS ("the
charge letter"), can request a civil monetary penalty in the
place of disqualification, 7 C.F.R. § 278.6(b)(a).  The firm
must respond orally or in writing within ten days of receipt of
the charge letter. *Id.*

jurisdiction within 30 days after the date of receipt of the notice of determination.   The court's review is "a trial de novo," by which "the court shall determine the validity of the questioned administrative action in issue." § 2023(a)(13) and (15); 7 C.F.R. § 279.7(a) and (c).   The store owner/plaintiff bears the burden of demonstrating by a preponderance of the evidence that the challenged agency decision was not valid because the alleged violations of the statute did not occur.   *Fells v. U.S.*, 627 F.3d 1250, 1253 (7th Cir. 2010)("Although the statute itself is silent as to the issue of which party bears the burden of proof in a trial de novo under § 2023, other circuits have held consistently that, given the nature of the statutory scheme, a store owner who seeks to set aside an agency action bears the burden of proof."), *citing Kim v. U.S.*, 121 F.3d 1269 (9th Cir. 1997), *Warren v. U.S.*, 932 F.2d 582, 586 (6th Cir. 1991), and *Redmond v. U.S.*, 507 F.2d 1007 (5th Cir. 1975).   That burden stays with the aggrieved party throughout the trial de novo, and the agency prevails unless that aggrieved party proves it should be set aside.   *Redmond*, 507 F.2d at 1011-12. By permitting a trial de novo, Congress indicated that the district court was not bound by the evidence in the administrative record. *Id.* at 1011.   A court "may review not only the determination that a violation took place, but also the propriety of the sanction imposed."   *Aliraj Enterprises, Inc. v. U.S.*, Civ. No. SA-12-CV-00389-DAE, 2012 WL 690530, at *2 (W.D. Tex. Feb. 25, 2013), *citing Otto v. Block*, 693 F.2d 472, 473 (5th Cir. 1982).   A sanction is

valid if it is not arbitrary and capricious, i.e., if it is warranted in law or justified in facts. *Id., citing Goodman v. U.S.*, 518 F.2d 505, 511-12 (5th Cir. 1975)("[A] sanction is arbitrary and capricious if it is unwarranted in law or without justification in fact."). The violation of the Act or its regulations is a question of fact, and the district court must view the opposing party's evidence to determine whether the agency's decision is supported by the facts. *Goodman*, 18 F.2d at 511. In contrast, in reviewing the sanction, the specific period of disqualification is within the discretion of the administrator, the scope of review is not as broad as that of the fact of violation, and "[s]hould the district court conclude that the sanction is invalid, the court would be empowered under § 2011 to enter such judgment or order as it determines is in accordance with the law and the evidence." *Id.*

Plaintiff's complaint asserts that the decision to disqualify him and his store permanently from SNAP and/or, alternatively, to deny him instead the payment of a civil  monetary penalty, is unlawful, arbitrary, and capricious, and contrary to law.  #1, ¶9. The United States disagrees and argues (1) the complaint should be dismissed because it consists of legal conclusions unsupported by any facts nor by law, and thus fails to state a claim for which relief may be granted; (2) there is no  basis in law for Plaintiff's complaint that the government's actions violated his substantive and procedural due process rights; and (3) Plaintiff

failed to exhaust his administrative remedies by submitting an untimely response to FNS's charge letter.

### Statement of Facts

The United States presents a statement of facts supported by references to the exhibits attached to its motion for summary judgment. Because Plaintiff has failed to respond, these facts are undisputed.

During an investigation from 2014-15 by USDA, FNS, undercover informants made eight visits to Sunny's Food Store. In seven of those visits[2] the informants were permitted by two store employees to buy non-food items (e.g., paper, plastic items, soap, alcohol, and cigarettes) with EBT cards, and on one visit, to obtain $5.00 in cash for $5 in EBT food benefits. AR 62-88. Exchanging cash for EBT food benefits is known as a trafficking transaction.[3] A summary of the undercover informants' visits to the store is found at A.R. 57. The FNS based its permanent disqualification sanction on the most serious violation, the trafficking transaction.

The FNS sent a charge letter to Plaintiff on April 13, 2015 and advised him that the United States was considering assessing a permanent disqualification from SNAP against him, based on the alleged trafficking in $5.00 exchanged for EBT food benefits. A.R. 59-60. Plaintiff claims that he was traveling abroad and did not

---

[2] These visits occurred in 7/8/14; 8/13/14; 8/18/14; 9/23/14; 10/1/14; 12/15/14, and 2/18/15.

[3] For a full definition see § 271.2.

receive the charge letter, and that an employee put it away and failed to give it to him, and thus he failed to respond to the charge letter within the ten days he was given to do so.  On May 8, 2015, the FNS Operations Division issued a determination notice permanently disqualifying Plaintiff.  A.R. 108-09.  In a letter postmarked May 14, 2015, Plaintiff requested and was granted an administrative review of the decision.  A.R. 114-29.  Plaintiff claimed that an FNS agent persuaded an uneducated employee to give him $5.00 in cash.  A.R. 115.

On August 25, 2015 a Final Agency Decision was issued, affirming the FNS decision to permanently disqualify Plaintiff and his store for trafficking under 7 U.S.C. § 2021(b)(3)(B) and 7 C.F.R. § 278.6(e)(1)(i), after reviewing the information that Plaintiff submitted in the request for review.  A.R. 180-87.  The USDA's final decision found that Plaintiff did not provide evidence supporting his argument that he did not exchange SNAP benefits for cash and that he was not eligible for a civil monetary penalty because he had not submitted substantial evidence that he "had established and implemented an effective compliance policy and program to prevent violations of" SNAP.  *Id.*  #1, ¶ 6.

Plaintiff then filed the instant request for judicial review on December 15, 2015.  #1.  Under 7 U.S.C. § 2023(a)(13), the aggrieved Plaintiff must fil[e] a complaint against the United States within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to

set aside such determination. *Razzak*, 2014 WL 582079, at *1; *Ruhee M., Inc. v. U.S.*, 2006 WL 1291356, at *4 (S.D. Tex. May 5, 2006). "When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity," and that condition must be strictly observed. *Block v. N. Dakota*, 461 U.S. 273, 287 (1983). If the Plaintiff fails to meet the limitations deadline, the Court lacks subject matter jurisdiction. *Omari v. U.S.*, No. C-12-1592 MEJ, 2012 WL 3939362, at *3 (N.D. Cal. Sept. 10, 2012).

## Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the nonmovant bears the burden of proof at trial, the movant must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the nonmovant's claim; the movant may, but does not have to, negate the elements of the nonmovant's case to prevail on

summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).   "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994).   "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323.   The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

Conclusory allegations unsupported by evidence will not preclude summary judgment. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d

1322, 1325 (5th Cir. 1996).  "'[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . .'"  *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990), *quoting Anderson v. Liberty Lobby, Inc.*. 477 U.S. 242, 247-48 (1986).  "Nor is the 'mere scintilla of evidence' sufficient; 'there must be evidence on which the jury could reasonably find for the plaintiff.'"  *Id., quoting Liberty Lobby*, 477 U.S. at 252.  The Fifth Circuit requires the nonmovant to submit "'significant probative evidence.'"  *Id.*, *quoting In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1978), and *citing Fischbach & Moore, Inc. v. Cajun Electric Power Co-Op.*, 799 F.2d 194, 197 (5th Cir. 1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999), *citing Celotex*, 477 U.S.  at 322, and *Liberty Lobby*, 477 U.S. at 249-50.

Allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.,* 14 F.3d 1056, 1060 (5th Cir. 1995)(for the party opposing the motion for summary judgment, "only evidence--not argument, not facts in the complaint--will satisfy' the burden."), *citing Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991).

It is well established in the Fifth Circuit that "[a] federal court may not grant a 'default' summary judgment where no response has been filed." *Bradley v. Chevron U.S.A., Inc.*, No. Civ. A. 204CV092J, 2004 WL 2847463, *1 (N.D. Tex. Dec. 10, 2004), *citing Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at *1 and n. 2*, citing id.; see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003)(where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). *See also Unum Life Ins. Co. of America v. Long,* 227 F. Supp. 2d 609 (N.D. Tex. 2002)("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)("A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence.").

A plaintiff challenging his permanent disqualification from SNAP bears the burden of proving by a preponderance of the evidence that the agency's action was "invalid."  7 U.S.C. § 2021(a); *Redmond*, 507 F.2d at 1011-12.  The court reviews the

agency's decision de novo, "as a trial anew in which the plaintiff below retains the burden of proving every essential element of a cause of action." *Redmond*, 507 F.2d at 1011. In sum, by "permitting a trial de novo, Congress intended nothing more than that the district court could not be bound by the administrative record." *Id.* "[T]he agency action stands, unless the plaintiff proves that it should be set aside. He may offer any relevant evidence available to support his case, whether or not its has been previously submitted to the agency, and the agency itself may offer any evidence available to support its action, whether or not in the administrative record." *Id.* at 1011-12. In sum,

> the preliminary agency action is extensive but neither the act nor the regulations promulgated thereunder provide for a full adversary hearing or formal record at the administrative level. By according the administrative action in question a presumption of validity, the statute recognizes the initial investigation and determination of the agency. By providing the aggrieved food store with a new trial where the store may introduce evidence outside the administrative record, the statute also protects the rights and interests of the store against final adverse action without the opportunity for an adversary hearing.

Nevertheless, if the Plaintiff puts on no evidence, then the record would be enough to justify the Court in upholding a administrative action." *Redmond*, 507 F.2d at 1012.

### Applicable Law

Permanent disqualification from SNAP is a mandatory penalty upon "the first occasion or any subsequent occasion of a

disqualification based upon" trafficking in SNAP benefits. 7 U.S.C. § 2021((b)(3)(B); *Kashif v. U.S.*, Case No. 14-cv-30180-MGM, 2016 WL 3886164, at *5 (D. Mass. May 12, 2016). The sole exemption is that the Department of Agriculture has the discretion to impose a civil monetary penalty in place of disqualification if the agency finds "substantial evidence that such store . . . had an effective policy and program in effect to prevent violations of [the statute] and regulations," and the store was unaware that trafficking was occurring. 7 U.S.C. § 2021(b)(3)(B); *Razzak v. U.S.*, No. A-13-CA-207-SS, 2014 WL 582079, at *3 (W.D. Tex. Feb. 13, 20140; *Reyes d/b/a Puebla Mini Market, LLC v. U.S.*, Civ. A. No. 13-1825, 2013 WL 5786360, at *3 (E.D. Pa. Oct. 28, 2913). To impose the civil monetary penalty instead of disqualification, the Secretary must find that the store owner meets each of four criteria: (1) the store must have an "effective compliance policy," as described in the regulations, in place before the charge letter was issued; (2) the plaintiff must show that both its compliance policy and its program were in operation at the location where the violation(s) occurred; (3) the firm had developed and instituted an effective personnel training program as specified in 7 C.F.R. § 278.6(i)(2); and (4) the firm ownership was not aware of and did not approve or benefit from, or was not in any way involved in the conduct of approval of trafficking violations. 7 C.F.R. § 278.6(i); *Razzak*, 2014 WL 582079, at *3; *Reyes*, 2013 WL 5786360,

at *3-4.

That a plaintiff argues that he was unaware that his employee exchanged money for SNAP benefits is irrelevant because "as a matter of law, approved food store owners are responsible for the acts of their employees irrespective of the owner's knowledge or lack of participation in trafficking." *Kashif*, 2016 WL 3886164, at *5, *citing Bakal Bros., Inc. v. U.S.*, 103 F.3d 1085, 1089 (6th Cir. 1997). *See* 7 C.F.R. § 278.6(e)(1)(i) ("Disqualify a firm permanently if:  Personnel of the firm have trafficked as defined in § 271.2."

### United States' Motion for Summary Judgment

As the United States points out, it has actually moved for dismissal under Federal Rule of Civil Procedure 12(b)(1)(for failure to exhaust timely his administrative remedies, and thus a lack of subject matter jurisdiction, when he failed to respond to the charge letter within ten days (by April 23, 2015) of delivery of such notice (April 13, 2015), 7 U.S.C. § 2023(a)(if a timely request for review of the initial notice is not made, "the administrative determinations shall be final")[4], as Plaintiff concedes; Rule 12(b)(6) because the complaint is

---

[4] *See Razzak*, 2014 WL 582079 at *3 ("If a timely request for review of the initial notice is not made, 'the administrative determinations shall be final. § 2013(a0(4).  Only a timely request for review entitles a store owner to an administrative appeal and subsequent judicial review. § 2023(a)(5), *citing Ruhee*, 2006 WL 1291356 at *3 ("holding a failure to timely request administrative review constitutes a failure to exhaust administrative remedies.").

composed of conclusory allegations and unsupported assertions that do not permit this Court "to draw a reasonable inference that the defendant is liable for the misconduct alleged."[5]; and Rule 56 because it fails to allege specific facts demonstrating that there is a genuine issue of fact for trial, including any that might show the investigation was inadequate in any way. At most the complaint is speculative and should be dismissed.

The Court chooses to review the current action under Rule 56.

The United States asserts that the bases for this suit are (1) the United States acted in excess of statutory authority because it unconstitutionally deprived Plaintiff of the right to contract; (2) its acts were arbitrary, capricious, and in bad faith and constitute a denial of Plaintiff's substantive and due process rights in that there is no rational basis in law for such actions; and (3) the USDA's investigation was unreliable, improper, and insufficient. #1, ¶9.

The United States asserts that Plaintiff's complaint has not contended that illegal trafficking of SNAP benefits occurred, but only seems to dispute that non-eligible items were sold in exchange for SNAP benefits. Regarding Plaintiff's burden to establish the existence of a violation, the Complaint states that

---

[5] The United States points out that the USDA's detailed Report of Positive Investigation documents Plaintiff's repeated pattern of selling non-eligible food items in exchange for SNAP benefits and trafficking of SNAP benefits. A.R. 62-87.

"[a]pparently, Defendant's personnel attempted to coerce the Plaintiff's personnel to traffic on seven different occasions with no luck" and that "Defendant claims it was successful in squeezing $5.00 cash out of the 'unidentified clerk' its agent wrongfully pressured and coerced." #1, ¶ 6.

In response the United States argues the USDA's acts were not arbitrary and capricious or in bad faith. "If] an agency action adheres to its internal guidelines, it is not arbitrary and capricious." *Bordeleon v. Black*, 810 F.2d 468, 471 (5th Cir. 1986), *citing Otto v. Block*, 693 F.2d 472, 473-74 (5th Cir. 1982). Under 7 U.S.C. § 2021(b)(3) a retail store which violates a provision of SNAP may be permanently disqualified on "the first occasion . . . except when the Secretary [has] the discretion to impose a civil penalty . . . in lieu of disqualification . . . if the Secretary determines there is substantial evidence that such store . . . had an effective policy and program in effect to prevent violations of the chapter and the regulations . . . . " Under 7 C.F.R. § 278.6(a), a disqualification based on 7 C.F.R. § 278.6(e)(1) shall be permanent.  Section 278.6(e)(1) states that disqualification shall be permanent if the firm has "trafficked as defined in § 271.2", which includes selling SNAP benefits by way of EBT cards.. 7 C.F.R. § 278.6(e)(1)(i). Here, the USDA Report of Investigation provides detailed evidence of one incident of trafficking on December 15, 2014 when a Sunny's Food Store employee gave a USDA Compliance Investigator $5 in

cash for $5 in SNAP benefits.  Plaintiff has not denied that trafficking took place, nor provided any evidence that it did not.  Furthermore, Sunny's Food Store does not qualify for a civil money penalty in place of disqualification because it never submitted, no less did so timely, the requisite information to be considered for such a penalty.

Finally, the United States challenges Plaintiff's claim of violation of procedural and substantive due process in the assessment of permanent disqualification from the SNAP program and denial of a civil monetary penalty in lieu of that.

> To establish a substantive due process violation, a plaintiff must first both carefully describe that right and establish it as 'deeply rooted in this Nation's history and tradition.'  If the right is so deeply rooted--if it is fundamental--we subject it to more exacting standards of review.  If it is not, we review it only for a rational basis.

*Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 505 (5th Cir. 2006). A number of courts have determined the SNAP disqualification scheme to be constitutional.  The right to SNAP benefits is a recent one, granted by statute.  SNAP's strict liability disqualification scheme establishing that all owners, whether they are innocent or knowing, are subject to some penalty, regardless of fault, "to ensure that the person in the best position to prevent fraud--the owner--had sufficient incentive to stop wayward employees from stealing from the government." *Traficanti v. U.S.*, 227 F.3d 170, 174-75 (4th Cir. 2000)("[W]e hold that the statute's strict liability regime is rationally

related to the government's interest in preventing fraud."). *See also Kim v. U.S.*, 121 F.3d 1269, 1274 (9th Cir. 1997)(rejecting a substantive due process challenge and concluding disqualification of "innocent store owners whose employees engage in trafficking violations for their own benefit and without the owner's knowledge or consent" is rationally related to Congress' goal of promoting adoption of effect SNAP compliance policies); *TRM, Inc. v. U.S.*, 52 F.3d 941, 947 (11th Cir. 1995)("Congress could rationally have concluded that a store owner who risks losing the ability to accept food stamps is more likely to be vigilant and vigorous in the prevention of employee trafficking.").

Similarly courts have rejected procedural due process challenges to the SNAP disqualification scheme. *Razzak*, 2014 WL 582079, at *5 (due process requires at least notice and an opportunity to be heard at a meaningful time in a meaningful manner; "[t]he SNAP disqualification scheme offers aggrieved store owners avenues for administrative review and judicial review by means of a 'trial de novo' in district court . . . [and] comports with procedural due process requirements.")(*citing Malago de Fuentes, Traficanti, Kim, TRM*).

After a through review of the record, the Court fully agrees with the United States that it is entitled to dismissal of this suit as a matter of law and that there is no genuine issue of material fact for trial.  Accordingly, the Court

-18-

ORDERS that the United States's motion for summary judgment is GRANTED, the USDA's decision to permanently disqualify Plaintiff from participation in the SNAP program is AFFIRMED, and this case is DISMISSED with prejudice.

SIGNED at Houston, Texas, this _2nd_ day of _February_, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE